UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARGARET MASON,
an individual,

        Plaintiff,

v.

        Case No. 8:12-cv-175-VMC-AEP

GE CAPITAL RETAIL BANK, f/k/a
GE Money Bank, a savings association, et al.

        Defendants.
_____/

**PLAINTIFF'S MOTION TO REMAND AND**
**MEMORANDUM OF LAW IN SUPPORT THEREOF**

Plaintiff, Margaret Mason ("Mason"), by and through his undersigned counsel and pursuant to 28 U.S.C. § 1447, hereby requests this Honorable Court to remand this action to State court, and in support thereof respectfully states the following:

**I.    INTRODUCTION**

On or about January 26, 2012, Defendant GE CAPITAL RETAIL BANK, f/k/a GE Money Bank (hereinafter, "Defendant" or "GECB") filed with this Court its notice of removal, claiming the existence of federal question jurisdiction pursuant to 28 U.S.C. § 1441(b) and § 1331. Defendant's notice of removal, while facially providing a valid basis of removal, misstates Plaintiff's underlying prayer for relief. Specifically, Defendant's notice of removal states that "Plaintiff alleges that Defendant [GECB] violated the Fair Debt Collection Practices Act, 15 USC 1692 § 1692 et. seq." [Dkt. 1, Notice of Removal, para. 6] Plaintiff, however, makes no such allegation.

Plaintiff's Verified Complaint alleges state and federal law causes of action – unlawful debt collection under (1) the Florida Consumer Collection Practices Act ("FCCPA"), (2) the

Federal Fair Debt Collection Practices Act ("FDCPA"), and (3) for Declaratory Judgment and Injunctive Relief.  Contrary to GECB's assertion in its notice of removal, the FDCPA claims were alleged *only* as to Co-Defendant, Jacobs Law Group ("JLG").  The unlawful debt collection claims alleged as to GECB arise *only* under state law, namely the FCCPA.  Still, as of the date of GECB's notice of removal, a question did "arise[] under the Constitution, laws or treaties of the United States" as to Co-Defendant JLG.  28 U.S.C. §§ 1331, 1441(b).  Plaintiff, therefore, did not oppose removal as removal was proper at that time.  Since removal, however, Plaintiff has settled all disputes with JLG and has stipulated for dismissal of all claims that give rise to federal subject matter jurisdiction.  [Dkt. 9]  Plaintiff is awaiting an Order from this Court Dismissing the Case with Prejudice as to JLG.  There is no good faith basis for jurisdiction based upon diversity as the amount in controversy in no way approaches the $75,000.00 threshold required in such cases.  Therefore, with the basis for federal subject matter jurisdiction no longer being present, this Court should remand this action to the Circuit Court for the Sixth Judicial Circuit in and for Pinellas County, Florida.  (*Caterpillar v. Williams*, 482 U.S. 386, 392; 28 U.S.C. § 1447(c)).

## II.     FACTUAL AND PROCEDURAL BACKGROUND

### A.     Factual Background

Mason is a natural person who resides in Pinellas County, Florida.  *See* Complaint at ¶ 4. Mason owes a debt to GECB, specifically the balance on a JC Penny credit card account referenced by account number ending in -0511.  *Id.* at ¶ 9.  Mason defaulted on her credit card agreement due to financial hardship, and retained Leavengood, Nash, Dauval & Boyle, PA ("Leavengood & Nash") on December 30, 2009 to represent her with regard to her debts generally, including the debt owed to GECB.  *Id.* at ¶ 19.  After retaining Leavengood & Nash,

GECB continued to communicate with Mason despite receiving notice of Leavengood & Nash's representation of Mason regarding the debt and verifying the same. *Id.* at ¶ 20-29. Mason then retained Leavengood & Nash to file an unlawful debt collection cause of action on her behalf against both GECB and JLG. *Id.* at ¶ 14.

### B.  Procedural Background

On January 5, 2012, Mason filed a Verified Complaint against GECB and JLG in the County Court of the Sixth Judicial Circuit, alleging generally violations of the FCCPA and FDCPA. GECB and JLG, respectively, were each served with a copy of the lawsuit on January 13, 2012. On January 27, 2012, GECB filed a notice of removal, removing the case to the United States District Court, Middle District of Florida, Tampa Division, and filed its Answer and Affirmative Defenses. Subsequent to the removal of the instant case, Mason reached a confidential settlement as to her claims against JLG. On May 3, 2012, Mason filed a Notice of Settlement and Stipulation for Dismissal [Dkt. 9], dismissing Mason's claims against JLG with prejudice. Only Mason's claims as to GECB remain.

## MEMORANDUM OF LAW

### III.  LEGAL STANDARD

As the removing party, Defendant bears the burden of establishing that removal is proper under 28 U.S.C. § 1441. Defendant must prove the jurisdictional requirements for removal by a preponderance of the evidence (*Leonard v. Enter. Rent A Car*, 279 F.3d 967, 972 (11th Cir. 2002)), and this Court must remand the case if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). "The statute is strictly construed, requiring remand to state court if any doubt exists over whether removal was proper." *Gross v. Deberardinis*, 722 F.Supp.2d 532, 533 (D. Del. 2010) (citing *Shamrock Oil & Gas*

*Corp. v. Sheets*, 313 U.S. 100, 108, 61 S.Ct. 868, 85 L.Ed. 1214 (1941)).

Under 28 U.S.C. § 1441(b), removal of an action from state court is only appropriate where the federal court has "original jurisdiction" over the action because it is "founded on a claim or right arising" under federal law. "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent diversity of citizenship, federal-question jurisdiction is required." *Caterpillar v. Williams*, 482 U.S. 386, 392 (1987).

## IV.   ARGUMENT

Plaintiff respectfully requests that this Court remand this action back to State court as there is no diversity of citizenship, and no federal question remains on the face of Plaintiff's well-plead Complaint. In short, Plaintiff's remaining right to relief does not depend on resolution of a substantial question of federal law.

### A.   Remand is Required Because There is No Diversity of Citizenship

Federal district courts have original jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a); *see also Martin v. Mentor Corp.*, 142 F.Supp.2d 1346, 1348 (M.D. Fla. 2001) and *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000).

In this case there is clearly no diversity of citizenship because Plaintiff is an individual who resides in Pinellas County, Florida, and Defendant is a national banking association that extends, services and collects on consumer credit cards and accounts where Plaintiff was employed and lived.

Furthermore, based on the allegations in the Verified Complaint, the most amount in controversy between Plaintiff and GECB is $4,000.00, plus attorneys' fees and costs. Even if the

Plaintiff had pleaded actual or punitive damages – which she did not –the amount in controversy cannot meet the threshold controversy amount required for diversity jurisdiction. The lack of a basis for diversity jurisdiction has never been contested, nor has such basis ever been asserted. This Court does not have original jurisdiction over this action based upon diversity jurisdiction.

### B. Remand is Required Because This Case No Longer Presents a Federal Question

Federal district courts also have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §§ 1331, 1441(b). 'Arising under' requires that "a right or immunity created by the institution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Quayle v. MCI Worldcom*, 2001 WL 1329594, *4 (N.D. Cal. Oct. 22, 2001) (citing *Robinson v. Michigan Consol. Gas Co., Inc.*, 918 F.2d 579, 585 (6th Cir. 1990) (additional citations omitted)). "[A] suit brought upon a state statute does not arise under an act of Congress or the Constitution of the United States." *Gully v. First Nat'l Bank*, 299 U.S. 109, 116 (1936).

A district court has broad discretion to decide whether to exercise its supplemental jurisdiction. *Gamel v. City of Cincinnati,* 625 F.3d 949, 951 (6th Cir. 2010). "In determining whether to retain jurisdiction over state-law claims, a district court should consider and weigh several factors, including the 'values of judicial economy, convenience, fairness, and comity.'" *Id.* (quoting *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 (1988)). See *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 726 (1966) (if the federal claims are dismissed before trial . . . the state claims should be dismissed as well.)

This Court has not been extensively involved in the case to date; there are no pending, dispositive motions, and discovery has not yet commenced. The parties could draft and submit discovery and dispositive motions, if they so chose, in the state court without any duplication of

5

effort. *See Harper v. Auto Alliance Intern., Inc.*, 392 F.3d 195, 211 (6th Cir. 2004) (finding it significant that the court had already "made several substantive rulings" and "invested significant time in the litigation" in deciding whether to exercise supplemental jurisdiction).

Furthermore, 28 U.S.C. § 1447 (c) provides that a motion to remand on grounds other than subject matter jurisdiction must be filed within thirty days of removal. 28 U.S.C. § 1447(c). This implies that a motion to remand on subject matter jurisdiction grounds may be filed at any time. See *Ayers v. Wiswall*, 112 US 187 (1884) (case may be remanded by federal district court to state court at any time, for want of jurisdiction); *Horton v. Scripto-Tokai Corp*. 878 F. Supp. 902 (motion to remand is timely even though it was not filed within 30-day period prescribed by 28 USC § 1447(c) because motion is not grounded on defect in removal procedure but rather on theory that District Court lacks subject-matter jurisdiction; lack of subject-matter jurisdiction may be raised at any time). The statute itself further provides that "[i]f at any time before final judgment it appears that the district court lacks subject-matter jurisdiction, the case *shall* be remanded." *Id.* (emphasis added). See *Edwards v District of Columbia,* 616 F. Supp. 2d 112 (D.D.C 2009) (in a case that had originally been brought in Superior Court of District of Columbia and had been removed, following dismissal of claims under Federal Tort Claims Act, the only claims that remained were non-federal tort claims; as such, the case had to be remanded). Here, the Court has made no substantive rulings and little time has been invested to date.

In this case, Plaintiff brought an action in state court that originally alleged state and federal law causes of action – unlawful debt collection (1) in violation of the FCCPA, (2) in violation of the FDCPA, and (3) for Declaratory Judgment and Injunctive Relief. With the dismissal of all claims as to JLG, the Verified Complaint no longer asserts a single federal claim

or raises a single federal question "arising under" a right or immunity created by the Constitution or the laws of the United States. The Verified Complaint, contrary to the assertions made by GECB in its notice of removal, never raised a federal question as to GECB – the claims against GECB have always been, and still are, exclusively grounded in state law. Now, with the basis for federal subject matter jurisdiction gone, this case must be remanded.

## V. CONCLUSION

In this case, Defendant has not met its burden of establishing that removal remains proper and this Court must remand if any doubt exists as to that issue. Accordingly, by and through his undersigned counsel, Plaintiff respectfully requests this Honorable Court to grant her motion, remand this matter back to State court, and grant any other such relief as the Court deems necessary and proper.

Respectfully Submitted,

**LEAVENGOOD & NASH**

/s/ Ian R. Leavengood
**Ian R. Leavengood, Esq., FBN 0010167**
3900 First Street North, Suite 100
St. Petersburg, FL 33703
Phone: (727) 327-3328
Fax: (727) 327-3305
ileavengood@leavenlaw.com
Attorney for Plaintiff

7

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a copy of the foregoing *Motion for Remand* has been furnished either electronically or by U.S. Mail this 3rd day of May 2012 to:

| | |
|---|---|
| Mr. Dale T. Golden | Ms. Michele F. Martin |
| Counsel for JLG, LLC | Counsel for GE Capital Retail Bank |
| Golden & Scaz, PLLC | Smith, Gambrell & Russell |
| 201 North Armenia Avenue | 50 North Laura Street, Suite 2600 |
| Tampa, FL 33609 | Jacksonville, FL 32202 |

                                                /s/ Ian R. Leavengood
                                                Attorney