UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARGARET MASON,

        Plaintiff,

v.                              Case No. 8:12-cv-175-T-33AEP

GE CAPITAL RETAIL BANK, f/k/a
GE MONEY BANK, a savings
association,

        Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to Plaintiff Margaret Mason's Amended Motion to Remand (Doc. # 12), filed on May 3, 2012. Defendant GE Capital Retail Bank has not filed a response to the Motion and the time to do so has elapsed. For the reasons that follow, the Court grants the Motion and remands this case to the County Court of the Sixth Judicial Circuit in and for Pinellas County, Florida.

**I.**    **Background**

Mason filed suit in state court against GE Capital Retail Bank and Jacob Law Group, PLLC on January 5, 2012.[1] (Doc. # 2). Mason's six-count Verified Complaint alleges violations of the Florida Consumer Collection Practices Act (FCCPA), Chapter

---

[1] Recent changes to the federal removal statutes took effect on January 6, 2012, and apply to cases "commenced" in state court on or after that date.

559, Florida Statutes, and the federal Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692a, et seq. Mason also seeks declaratory and injunctive relief.

GE Capital removed the case to this Court on January 27, 2012, asserting this Court's federal question jurisdiction over Mason's FDCPA claim. (Doc. # 1). Jacob Law Group filed its Consent and Certification to Join in Removal (Doc. # 6) on February 2, 2012.

On May 3, 2012, Mason filed a Notice of Settlement and Stipulation for Dismissal with Prejudice as to Jacob Law Group, PLLC (Doc. # 9), and immediately thereafter filed the instant Amended Motion to Remand. Mason asserts that her FDCPA claim was solely against Jacob Law Group. Therefore, Jacob Law Group's dismissal from this action divests this Court of jurisdiction.

## II. **Legal Standard**

A defendant may remove a case filed in state court to federal court if "the district courts of the United States have original jurisdiction." Pease v. Medtronic, Inc., 6 F. Supp. 2d 1354, 1356 (S.D. Fla. 1998) (citing 28 U.S.C. § 1441(a)). Such jurisdiction is established by statute. Pursuant to 28 U.S.C. § 1331, this Court has "original

jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Original jurisdiction may also be established if there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

In removal cases, the burden of proving any jurisdictional fact rests upon the defendant. <u>Pease</u>, 6 F. Supp. 2d at 1356. "Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly." <u>Univ. of S. Ala. v. Am. Tobacco Co.</u>, 168 F.3d 405, 411 (11th Cir. 1999). "[W]here plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." <u>Burns v. Windsor Ins. Co.</u>, 31 F.3d 1092, 1095 (11th Cir. 1994).

"A motion to remand the case on the basis of any defect other than subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c). A case must be remanded, however, if at any time before final judgment it appears that the district court lacks subject matter jurisdiction. <u>Id.</u> Because Mason's Motion to Remand challenges this Court's subject matter jurisdiction, it was timely filed.

**III. <u>Analysis</u>**

In her Motion to Remand, Mason states that GE Capital's Notice of Removal facially provided a valid basis for removal but misstated Mason's claims for relief. (Doc. # 12 at 1). The Notice of Removal alleges that Mason claims GE Capital violated the FDCPA. (Doc. # 1 ¶ 6). Mason contends that her federal FDCPA claim applied only to Jacob Law Group, although she did not challenge removal because it was proper at that time. (Doc. # 12 at 2).

The Court has reviewed Mason's Verified Complaint, and agrees that Mason asserted violations of the FDCPA only against Jacob Law Group. Once Jacob Law Group was dismissed from this action, there was no basis for federal question jurisdiction. Furthermore, Mason states that there is no good faith basis for diversity jurisdiction because the amount in controversy "in no way approaches the $75,000 threshold required in such cases." (<u>Id.</u>). This assertion is validated by the fact that the case originally was filed in county court, limiting the amount in controversy to less than $15,000.

GE Capital has not responded to the Motion, or offered any evidence by way of affidavit or otherwise to prove this Court's jurisdiction. Based upon a review of the pleadings and

4

Mason's assertions as to the amount in controversy, the Court finds that it lacks subject matter jurisdiction and must therefore remand this case to state court.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff's Amended Motion to Remand (Doc. # 12) is **GRANTED**.

(2) The Clerk is directed to **REMAND** this case to the County Court of the Sixth Judicial Circuit in and for Pinellas County, Florida. Thereafter, the Clerk shall terminate all pending motions and deadlines and close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>25th</u> day of May, 2012.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record

5